IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JESSIE COLE YOUNGER, SR., #01974050 | § § § | |
| VS. | § § | CIVIL ACTION NO.  4:22cv945 |
| BRYAN MCCLERON, ET AL. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Jessie Cole Younger, Sr. filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On November 10, 2022, the Court ordered Plaintiff to: (1) complete a standard § 1983 prisoner civil rights form and to submit it to the Court within thirty days from receipt of the Order; and (2) pay the $402.00 filing fee or submit an application to proceed *in forma pauperis*, along with a certified data sheet reporting his trust fund activities for the last six months, within fourteen days from receipt of the Order. (Dkt. #7). In response, Plaintiff filed correspondence, asking the Court to consider all his filings as his "statement" and to "use them as a whole document." (Dkt. #8). He also states that he "was not attempting to file a civil suit" but "attempting to launch a federal investigation and file charges" against the defendants. (Dkt. #8). At the end of the correspondence, Plaintiff requests that the Court "[p]lease file the proper complaint for [him] and in the proper manner." (Dkt. #8). Plaintiff did not submit a completed standard § 1983 prisoner civil rights form with his correspondence. Nor has Plaintiff paid the $402.00 filing fee or submitted

an application to proceed *in forma pauperis*, along with a certified data sheet reporting his trust fund activities for the last six months. As of this date, Plaintiff has failed to comply with the Court's Order (Dkt. #7); thus, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's order. Therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore recommended that the case be dismissed without prejudice. Fed. R. Civ. P. 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 12th day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

3